**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|   |   |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. 06 CR 548** |
| v. | Hon. Harry D. Leinenweber |
| **RAHMAN MUHAMMAD,** | |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

On February 18, 2009, Defendant Rahman Muhammad (hereinafter, the "Defendant") was found guilty of two violations of 18 U.S.C. § 912, the federal statute prohibiting the false identification of oneself as a federal agent. Presently before the Court is the Defendant's Post-Trial Motion Seeking Acquittal or a New Trial and the Government's Response to the Motion. For the reasons stated herein, Defendant's Motion is **denied**.

### I. BACKGROUND

After a one-day bench trial, on February 18, 2009, the Court found that Defendant had violated 18 U.S.C. § 912 by representing himself as a federal law enforcement officer and acting in conformity with this representation. Defendant was charged with two counts under 18 U.S.C. § 912, both of which occurred at Midway International Airport ("Midway") in Chicago, Illinois. In Count I, the Government alleged that, on June 22, 2006, Defendant

represented to airport security that he was a federal law enforcement officer. Defendant then signed the TSA Armed Law Enforcement Officers' Log ("the Log"), an act reserved for specified individuals, including federal law enforcement officers, and entered into the secured area of Midway while carrying a starter pistol and handcuffs, articles prohibited to unauthorized individuals. In Count II, the Government alleged that, on August 1, 2006, Defendant identified himself as a federal law enforcement officer to a Chicago Police officer and an Aviation Security Inspector and then parked his vehicle by the curb, a secured area of Midway that is prohibited to unauthorized individuals. Defendant was convicted on both counts.

On March 18, 2009, Defendant filed his Motion for Acquittal based on insufficient evidence, or alternatively for a new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33.

## II. DISCUSSION

Section 812 of Title 18 provides:

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1000 or imprisoned not more than three years, or both.

18 U.S.C. § 912. This statute criminalizes two types of conduct: "(1) false impersonation of a federal officer coupled with an

overt act in conformity with the pretense and (2) false impersonation of a federal officer coupled with demanding or obtaining a thing of value." *U.S. v. Rippee*, 961 F.2d 677, 678 (7th Cir., 1992). Section 912 "does not punish mere puffing," however, "it is the false pretense of Federal authority that is the mischief to be cured." *Id.* at 679 (citing *U.S. v. Barnow*, 239 U.S. 74, 78 (1915)).

Here, both counts of the indictment charged Defendant with the first type of a Section 912 offense. At trial and in his current motion, Defendant admits that he falsely identified himself as a federal officer at Midway on the dates in question. Defendant argues, however, that he should not have been convicted under 18 U.S.C. § 912 because the Government failed to prove an overt act, that Defendant "acted as such," on either date. Defendant argues that, on both occasions, he merely identified and then reidentified himself as a federal officer but did not act in conformity with this representation as required by Section 912.

Defendant differentiates the Government's case against him from the facts in *U.S. v. Rippee*. In that case, when stopped for speeding, the defendant falsely identified himself as a United States Marshal and told the police officer that he was on his way to stop a bar fight. *Rippee*, 961 F.2d at 678. The Seventh Circuit upheld the defendant's conviction under Section 912,

finding that the defendant falsely represented himself as a federal employee and "act[ed] under the authority of his position at the time he was stopped," regardless of whether a United States Marshal's responsibilities actually include breaking up fights. *Id.* at 680. In this case, Defendant argues that, unlike the *Rippee* facts, nothing more than mere false identification occurred at Midway.

Defendant also cites *U.S. v. York*, 202 F.Supp. 275 (E.D.Va., 1962), and *U.S. v. Grewe*, 242 F.Supp. 826 (W.D.Mo., 1965), as authority for his position that the Government failed to charge or to prove an overt act. In those cases, both defendants pretended to be federal officers but did not assert that they were acting pursuant to federal authority at the time they obtained a benefit. *See Rippee*, 961 F.2d at 680. In *York*, the defendant obtained credit to buy a dress by listing her employer as the FBI. The court determined that this conduct did not violate Section 912 because the defendant did not represent that she was buying the dress under the authority of the FBI. *York*, 202 F.Supp. at 276. In *Grewe*, the defendant cashed checks for personal obligations using a fake United States Army identification card. The court found that, like *York*, the defendant's false representation that he was a federal employee

alone did not constitute "acting under the authority of the United States."  *Grewe*, 242 F.Supp. at 829.

In this case, the Court rejects Defendant's contention that the Government failed to prove an overt act under each count of the indictment.  With respect to Count 1, the evidence shows that, on June 22, 2006, Defendant falsely represented to airport security that he was a federal law enforcement officer.  Based on this misrepresentation, Defendant then signed the Log, which allowed him to enter a secure area of Midway without being searched or having to leave his weapon behind.  After signing the Log, Defendant entered the secured area with a starter pistol and handcuffs in tow.  The Government thus proved two overt acts taken by Defendant in accordance with his misrepresentation: signing the Log and entering the secure area with prohibited items without going through security.  With respect to Count II, the Government proved beyond a reasonable doubt that, on August 1, 2006, Defendant first told a Chicago Police officer that he was a federal law enforcement officer and then parked his vehicle by the curb, a secured area of Midway prohibited to unauthorized individuals for security reasons.  Parking at the curb was an overt act taken in conformance with Defendant's misrepresentation that he was a federal officer entitled to park in a secure zone.

In sum, like the defendant in *Rippee*, on both occasions, Defendant falsely identified himself as a federal law enforcement officer and then took actions prohibited to the general public based on his misrepresentation. *See Rippee*, 961 F.2d at 680. The Court finds, therefore, that the elements of Section 912, both the misrepresentation and the overt act, were charged in the indictment and clearly demonstrated by the evidence offered at trial.

### III. CONCLUSION

Having carefully considered Defendant's motion, the applicable law, and the record, the Court has determined that Defendant's post-trial motion is without merit. Defendant has failed to demonstrate that there is insufficient evidence to uphold his convictions, and he has pointed to no evidence suggesting that he should be given a new trial. Therefore, Defendant's motion is **denied.**

**IT IS SO ORDERED.**

```
                              _____
                              Harry D. Leinenweber, Judge
                              United States District Court
```

**DATE:** 7/27/2009